## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **SUEDE GROUP, INC.,**<br>  5370 W. 95th Street<br>  Prairie Village, KS 66207, | |
| **Plaintiff,** | Case No. 12-cv-2654 CM/DJW |
| v. | |
| **S GROUP, LLC**<br>  Serve: Registered Agent<br>  Stephanie Stadlman<br>  17296 S. Kimble, Olathe, KS 66062, | |
| and | |
| **RYAN P. STADLMAN,**<br>  Serve: 20630 219th Terrace<br>  Spring Hill, KS 66083, | |
| **Defendants.** | |

### COMPLAINT

Plaintiff Suede Group, Inc., by undersigned counsel, for its Complaint against Defendants

S Group, LLC and Ryan P. Stadlman alleges and states as follows:

### I.

### Parties

1.      Plaintiff Suede Group, Inc. ("Suede Group") is a Kansas corporation with its

principal place of business at 5370 W. 95th Street, Prairie Village, Johnson County, Kansas

66207.


2.      Defendant S Group, LLC ("S Group") is a Kansas corporation with its principal

place of business at 17296 S. Kimble, Olathe, Johnson County, Kansas 66062

3.      Defendant Ryan P. Stadlman ("Stadlman") is a natural person and a resident of the State of Kansas. He may be served with process at 20630 219th Terrace, Spring Hill, Miami County, Kansas 66083.

## II.

### Jurisdiction

4.      This Court has jurisdiction over the subject matter of the complaint pursuant to 15 U.S.C. §1121, 28 U.S.C. §1338(b) and 28 U.S.C § 1367.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of the action is situated in this district.

## III.

### Allegations Common to All Counts

6.      Plaintiff Suede Group is a video production and motion graphics company that specializes in high quality video and digital services for commercial, industrial and corporate video production.

7.       Suede Group is a nationally recognized operation with clients that include the Kansas City Royals.

8.      Since 2008, in connection with its services, Suede Group has branded its business

services with a service mark, seen below:



9.      Suede Group's services and materials are offered in the United States under the

word marks, Suede or Suede Group ("Word Marks"), and the stylized design mark seen above

("Service Mark") (collectively "Suede Group Marks").  Suede Group has extensively used the

Suede Group Marks in connection with its services in commerce in the United States.

9.1      Application for registration of the word mark SUEDE GROUP is currently

pending before the United States Patent and Trademark Office.

9.2      Application for registration of the service mark seen in paragraph 8 is

currently pending before the United States Patent and Trademark Office.

10.     The Suede Group Marks are displayed on all Suede Group materials and

symbolize the high quality of services offered by the Suede Group that is often associated or

provided in association with its services.

11.     Suede Group widely promotes, advertises and markets Suede Group's goods and

services under the Suede Group Marks.  Suede Group also operates a website at

www.thinksuede.com.

3

12.     As a result of Suede Group's sales and marketing efforts, and promotion and use of the Suede Group Marks, its marks are distinctive, well-known and recognized by the public, and serve to identify the source of Suede Group goods and services.  Indeed, Suede Group's Marks are famous, including in the State of Kansas, and conjure up an immediate identification of performance, quality and confidence with consumers.

13.     Defendant Stadlman is a former employee of Suede Group.

14.     On or about April or May of 2012, Defendant Stadlman resigned from his position with Suede Group and formed his own company, S Group, LLC.

15.     In an almost identical fashion to that of Suede Group, Defendant S Group describes itself on its website as "a creative boutique that specializes in premier video production and motion graphics design."

16.     On information and belief, without authorization from Suede Group, S Group has used and/or is using the "S Group" word and/or service mark  in connection with its own goods and services, which is substantially similar to that of Suede Group's Marks.  In effect, Defendants are falsely holding themselves out to be an authorized affiliate of Suede Group.

17.     Additionally, Defendant S Group utilizes images on its website of material that is owned by Suede Group, and is recognized by the public as belonging to Suede Group.

**Count I**
**Unjust Enrichment**

18.     Suede Group incorporates the allegations and averments set forth in ¶¶ 1 – 17 of the Complaint.

19.     Suede Group, as the owner of all right, title, and interest in and to the Suede Group Marks as set forth above, has standing to maintain an action for unjust enrichment.

20.     Defendants S Group and Stadlman have been unjustly enriched by their unauthorized use and intentional inducement of a service mark and/or word mark that is substantially similar to that of Suede Group's Marks.

21.     Upon information and belief, Defendants produced and distributed S Group communications and materials with a service mark and/or word mark substantially similar to that of the Suede Group, without authorization, with the intent of causing consumer confusion in the public.

22.     Defendants have also been unjustly enriched by their unauthorized use of Suede Group's copyrighted materials that appear on S Group's website, www.sgroupcreations.com.

23.     Defendants have acted with the intention of causing confusion, mistake and deception, and of misappropriating Suede Group's goodwill associated with the Suede Group word mark and service mark, to Suede Group's detriment.

24.     As a result of Defendants' wrongful acts, Suede Group has been or is likely to be damaged.

25.     As a result of Defendants' wrongful acts, Suede Group has suffered and is likely to suffer losses and injury to its business reputation and, if not enjoined, S Group will likely unfairly derive income, profits, and or business opportunities.

26.     Defendants' actions therefore constitute unjust enrichment under Kansas common law, and Suede Group is entitled to any relief this court may deem just.

**Count II**
**Common Law False Designation Of Origin And Unfair Competition**

27.     Suede Group incorporates the allegations and averments set forth in ¶¶ 1 – 26 of the Complaint.

28.     Suede Group, as the owner of all right, title, and interest in and to the Suede Group Marks as set forth above, has standing to maintain an action for unfair competition.

29.     Upon information and belief, in connection with its goods and services, S Group has used or intentionally induced the use in commerce one or more words, terms, names, symbols, devices or false designations of origin that is or are likely to cause confusion or to deceive as to affiliation, origin, sponsorship or approval of the S Group goods and services or commercial activities in violation of Kansas common law.

30.     Defendants have acted with the intention of causing confusion, mistake and deception, and of misappropriating Suede Group's goodwill associated with the Suede Group word mark and service mark, to Suede Group's detriment.

31.     The unauthorized use of word and/or service marks substantially similar to that of Suede Group's marks is likely to cause the public to believe, erroneously, that the S Group is sponsored by, endorsed by, or associated with Suede Group.

32.     Defendants' substitution of their own services with the infringing S Group mark constitutes a false designation of origin and unfair competition.

33.      As a result of Defendants' wrongful acts, Suede Group has been or is likely to be damaged.

34.     As a result of Defendants' wrongful acts, Suede Group has suffered and is likely to suffer losses and injury to its business reputation and, if not enjoined, S Group will likely unfairly derive income, profits, and or business opportunities as a result of its acts of unfair competition.

35.     Defendants acted and continue to act willfully and with knowledge that they are engaging and continue to engage in unfair competition.  Accordingly, Suede Group is entitled to an injunction and other common law remedies against Defendants.

## Count III
## Direct and Contributory Federal Trademark Infringement
## 15 U.S.C. § 1114

36.     Suede Group incorporates the allegations and averments set forth in ¶¶ 1 – 35 of the Complaint.

37.     Suede Group, as the owner of all right, title, and interest in and to the Suede Group Marks as set forth above, has standing to maintain an action for trademark/service mark infringement under the Lanham Act.

36.     Defendants, without Suede Group's consent, have used or intentionally induced the use of a reproduction, counterfeit, copy, and/or colorable imitation of the Suede Group Marks in commerce on or in connection with the sale, offering for sale, advertising and/or production of S Group's goods and services, and that such use is likely to cause confusion, or to cause mistake or to deceive.

37.     Defendants' use of the S Group mark in commerce, which is substantially similar to that of the Suede Group mark /marks, without the Suede Group's consent is likely to cause confusion, cause mistake or deceive the consumer as to the source, affiliation, or sponsorship of the infringing mark.

38.     S Group's acts have been committed deliberately and willfully, with knowledge of Suede Group's exclusive rights and goodwill in the Suede Group Marks, and of the infringing

nature of the marks when used in connection with the S Group goods and services, as well as with bad faith and the intent to cause confusion, or to cause mistake and/or to deceive.

39.     Prior to Defendants' use of the first S Group mark, Defendants were aware of Suede Group's business and had either actual notice and knowledge or constructive notice of the Suede Group Marks.

40.     Defendants' use of the S Group mark, without the consent of the Suede Group, is likely to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of the infringing marks and is likely to cause confusion or mistake in violation of 15 U.S.C. § 1114(a).

41.     Defendants intended to confuse consumers as to the source of the services that were offered with the infringing S Group mark.

42.     Defendants have derived and/or will unfairly continue to derive income, profits, and business opportunities by virtue of their infringement of the Suede Group Marks.

43.     Suede Group is entitled to injunctive relief as well as Defendants' profits, treble damages, actual damages and award of costs and reasonable attorneys' fees and prejudgment interest, as well as any and all remedies provided by 15 U.S.C. §1116, 1117 and 1118.

**Count IV**
**Federal Trademark Dilution**
**15 U.S.C. § 1125(c)**

44.    Suede Group incorporates the allegations and averments set forth in ¶¶ 1 – 43 of the Complaint.

45.    Suede Group, as the owner of all right, title, and interest in and to the Suede Group Marks as set forth above, has standing to maintain an action for trademark/service mark dilution under the Lanham Act.

46.    Suede Group is the owner of the Suede Group Marks, which are famous and distinctive and have acquired fame prior to the commencement of Defendants' actions.

47.    Defendants' unlawful acts are likely to cause dilution by blurring and/or tarnishing the famous Suede Group Marks, and otherwise have impaired the distinctiveness and/or harmed the reputation of those marks.

48.    Suede Group believes that Defendants' dilution of the Suede Group Marks as described herein has been intentional, willful, and without regard to Suede Group's rights. Furthermore, Defendants intend to trade on the reputation of the Suede Marks and/or to cause dilution of the Suede Group Marks or intentionally induce the same.

49.    Suede Group believes that Defendants have gained profits by virtue of their infringement of the Suede Group Marks.

50.     Defendants have caused and will continue to cause great and irreparable injury and damage to Suede Group and to the goodwill of the Suede Group Marks.  As such, Suede Group will continue to suffer loss of income, profits, and valuable business opportunities, and will have unfairly derived and will continue to unfairly derive income, profits and business opportunities as a result of the acts described herein.

51.     Suede Group is entitled to injunctive relief as well as Defendants' profits, trouble damages, actual damages and award of costs and reasonable attorneys' fees and prejudgment interest, as well as any and all remedies provided by 15 U.S.C. §1116, 1117 and 1118.

### Count V
### Kansas Trademark Dilution

52.     Suede Group incorporates the allegations and averments set forth in ¶¶ 1 – 51 of the Complaint.

53.     As a result of Suede Group's activities, the Suede Group Marks are famous. Suede Group's Marks became famous long before S Group's unauthorized use of the Suede Group Marks.

54.     The Suede Group Marks are valid trademarks and/or service marks at common law.

55.     Defendants' use of the S Group mark, without license or permission from Suede Group, has diluted and is likely to continue to dilute the distinctive quality of the Suede Group Marks pursuant to K.S. A. §81-214.

56.     Defendants' use of the Suede Group Marks is willful and deliberate and likely to injure the business reputation and/or dilute the distinctive quality of the Suede Group Marks and will cause irreparable damage to the Suede Group in violation of the law.

## Count VI
## Violation of the Digital Millennium Copyright Act
## 17 U.S.C. § 1201

57.     Suede Group incorporates the allegations and averments set forth in ¶¶ 1 – 56 of the Complaint.

58.     Upon information and belief, Defendants have removed videos from the website of Suede Group and has placed those videos on the website of S Group, misrepresenting the ownership of those videos.

59.     Suede Group owns the copyrights for the videos in questions.  (See Exhibit A, side-by-side comparison of the parties' respective websites.)

60.     Without the authority of Suede Group, Defendants intentionally removed or altered copyright management information associated with video productions and other works owned by Suede Group, knowing, or having reasonably grounds to know, that such action will

induce, enable, facilitate, or conceal an infringement of any right under the copyright law of United States Code, Title 17.

61.     Without the authority of Suede Group, Defendants distributed copyright management information knowing that the copyright management information has been removed or altered without the authority of the copyright owner or the law knowing, or having reasonable grounds to know, that such action will induce, enable, facilitate, or conceal an infringement of any right under the copyright law of the United States Code, Title 17.

## Count VII
### False Designation of Origin and/or False Representation
### 15 U.S.C. § 1125

62.     Suede Group incorporates the allegations and averments set forth in ¶¶ 1 – 61 of the Complaint.

63.     Suede Group, as the owner of all right, title, and interest in and to the Suede Group Marks as set forth above, has standing to maintain an action under the Lanham Act. Suede Group's Marks are so associated with its goods and services that the use of the same or similar marks by another company constitutes a representation that its goods come from the same source.

64.     Upon information and belief, in connection with its goods and services, S Group has used or intentionally induced the use in commerce one or more marks, words, terms, names, symbols, devices or false designations of origin that is the same or confusingly similar to those

of Suede Group such that they are likely to cause confusion or to deceive as to affiliation, origin, sponsorship or approval of the S Group goods and services or commercial activities in violation of the Lanham Act, 15 USC § 1125.

65.     Defendants have acted with the intention of causing confusion, mistake and deception, and of misappropriating Suede Group's goodwill associated with the Suede Group word marks and service marks, to Suede Group's detriment.

66.     The unauthorized use of word and/or service marks substantially similar to that of Suede Group's marks is likely to cause the public to believe, erroneously, that the S Group is sponsored by, endorsed by, or associated with Suede Group.

67.     Defendants' substitution of their own services with the infringing S Group mark constitutes a false designation of origin and false representation.

68.     Defendants made these false representations in the context of commercial advertising or commercial promotion.

69.      As a result of Defendants' wrongful acts, Suede Group has been or is likely to be damaged.

70.     As a result of Defendants' wrongful acts, Suede Group has suffered and is likely to suffer losses and injury to its business reputation and, if not enjoined, S Group will likely

unfairly derive income, profits, and or business opportunities as a result of its acts of unfair competition.

71.     Defendants acted and continue to act willfully and with knowledge that they are engaging and continue to engage in false designation of origin and false representation. Accordingly, Suede Group is entitled to an injunction and other remedies against Defendants.

**Prayer for relief**

Wherefore, Suede Group, Inc. prays for judgment as follows:

A.     For an order preliminarily and permanently enjoining and restraining Defendants, their agents and employees, and all those acting in concert with Defendants from using, licensing, sublicensing, assigning or otherwise using the S Group mark or Suede Group's Marks;

B.     For an order permanently enjoining Defendants from committing any other act calculated or likely to cause the public to believe that S Group, LLC and Ryan P. Stadlman are in any way connected to, licensed by, sponsored by, affiliated with, or associated with Suede Group's products or services;

C.     For an order preliminarily and permanently enjoining Defendants from committing any acts that will dilute, either by tarnishment or blurring, the quality of the Suede Group Marks;

D.      For an accounting of all revenues and profits obtained as a result of the violations alleged herein;

E.      For restitution and disgorgement of such sums;

F.      For damages, including treble damages as may be allowed by law;

G.      For attorneys' fees as may be allowed by law;

H.      For costs of suit incurred herein; and

I.      For such other relief as the Court may deem just and proper.

**Demand for Jury Trial**

Plaintiff Suede Group, Inc. demands a jury trial for all issues so triable.

**Designation of Place of Trial**

Plaintiff Suede Group, Inc. designates Kansas City, Kansas as the place for trial.

Respectfully submitted,

**Case & Roberts P.C.**

s/ Randi L. Helms
Kevin D. Case, MO 41491; KS 14570
Randi L. Helms, MO 60523; KS 23960
Ryan S. VanFleet, MO 64210; KS 25352
Two Pershing Square
2300 Main Street, Suite 900
Kansas City, MO 64108
Tel:  (816) 448-3707
Fax:  (816) 448-3779
kevin.case@caseroberts.com
randi.helms@caseroberts.com
ryan.vanfleet@caseroberts.com
Attorneys for Plaintiff