## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SUEDE GROUP, INC.,

                         Plaintiff,                         CIVIL ACTION

v.                                         Case No. 12-2654-CM-DJW

S GROUP, LLC,
et al.,

                         Defendants.

## MEMORANDUM AND ORDER

In this infringement and dilution action, Plaintiff alleges that Defendants are using a word or service mark which is substantially similar to Plaintiff's word marks and stylized design service mark. Plaintiff's complaint asserts claims for unjust enrichment, common law false designation or origin and unfair competition, direct and contributory federal trademark infringement, federal and state trademark dilution, violation of the Digital Millennium Copyright Act,[1] and false designation of origin and/or false representation under the Lanham Act.[2] The matter is presently before the Court on Defendants' Motion for a More Definite Statement (ECF No. 8). Defendants request an order under Fed. R. Civ. P. 12(e) requiring Plaintiff to provide a more definite statement of the claims asserted in its complaint. Defendants assert that the complaint fails to identify the marks and works that are the subject of Plaintiff's claims, fails to state how Defendants' mark allegedly infringes upon Plaintiff's marks or the goods and services using the marks, and fails to provide the essential factual allegations for a violation of the Digital Millennium Copyright Act. Defendants

---

[1] 17 U.S.C. § 1201 *et seq.*

[2] 15 U.S.C. § 1125.

contend that without this information, Plaintiff's complaint is so vague and ambiguous that they cannot reasonably prepare a response. For the reasons set forth below, the motion is denied.

## I.      Legal Standard Applicable to Motions for More Definite Statement.

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[3] The party filing a motion for more definite statement must file it before filing a responsive pleading and "must point out the defects complained of and the details desired."[4] Motions under this rule are proper "only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question."[5] Courts should not grant such a motion "merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[6] Requiring a more definite statement is appropriate when addressing unintelligible or confusing pleadings.[7] While "Rule 12(e) is designed to strike at unintelligible pleadings,"[8] proper specificity is the key as even an intelligible

---

[3]Fed. R. Civ. P. 12(e).

[4]*Id.*

[5]Fed. R. Civ. P. 12(e) advisory committee's note (1946 amend.).

[6]*Mechler v. United States*, No. 12-1183-EFM-GLR, 2012 WL 5289627, at *1 (D. Kan. Oct. 23, 2012) (citing *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002)).

[7]*See, e.g.*, *Ewing v. Andy Frain Sec. Co.*, No. 11-CV-02446-JAR-DJW, 2012 WL 162379, at *1 (D. Kan. Jan. 19, 2012); *Creamer v. Ellis Cnty. Sheriff Dep't*, No. 08-4126-JAR, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009); *Black & Veatch Int'l Co. v. Wartsila NSD N. Am., Inc.*, No. 97-2556-GTV, 1998 WL 264738, at *1 (D. Kan. May 21, 1998).

[8]*Creamer*, 2009 WL 484491, at *1.

or non-confusing complaint may warrant a more definite statement when more specificity is needed to draft an appropriate response.[9]

Courts consider Rule 12(e) motions in conjunction with the "simplified pleading standard" of Rule 8(a), which "applies to all civil actions, with limited exceptions."[10]  Under Rule 8(a)(2), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8(a)(2) is to provide opposing parties with "fair notice of what the . . . claim is and the grounds upon which it rests."[11]

When a complaint provides sufficient notice under Rule 8(a), the defendant should elicit additional detail through the discovery process.[12]  Courts, however, generally disfavor such motions given the minimal pleading requirements and liberal discovery provisions of the Federal Rules of Civil Procedure.[13] Whether to grant a motion for more definite statement is within the Court's sound discretion.[14]

---

[9]*Mechler*, 2012 WL 5289627, at *1.

[10]*See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14 (2002) (listing Fed. R. Civ. P. 9(b) as an exception example).

[11]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[12]*JP Morgan Trust Co. Nat'l Ass'n v. Mid-Am. Pipeline Co.*, 413 F. Supp. 2d 1244, 1270 (D. Kan. 2006);  *Bolton v. Sprint/United Mgmt. Co,* No. 05-2361-JWL, 2006 WL 449254, at *2 (D. Kan. Feb. 23, 2006); *PAS Commc'ns, Inc., v. U.S. Sprint, Inc.*, 112 F. Supp. 2d. 1106, 1109 (D. Kan. 2000).

[13]*Mechler*, 2012 WL 5289627, at *2.

[14]*See Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); *Graham v. Prudential Home Mortg. Co.*, 186 F.R.D. 651, 653 (D. Kan. 1999).

## II.     The Parties' Arguments.

Defendants argue that Plaintiff's complaint is deficient in several respects and fails to notify them of key elements of the claims asserted against them.  Specifically, Defendants argue that the complaint fails to identify the marks or works that are the subject of Plaintiff's claims.  It fails to describe the works that allegedly infringe upon Plaintiff's copyright or the use of which allegedly constitutes unfair competition.  Defendants also argue that the complaint fails to describe the goods and services for which Defendants allegedly used an infringing mark in commerce or in connection with the sale, offering for sale, advertising and/or production.  Finally, Defendants argue that the complaint fails to provide the required factual allegations necessary to support a claim based upon a violation of the Digital Millennium Copyright Act, including what protected work or works are at issue, what technological measure the Defendants allegedly circumvented, and how the alleged circumvention of the technological measure either infringes or facilitates infringing a right protected by the Copyright Act.

Plaintiff opposes the motion, arguing that its complaint contains a short and plain statement of its claims as required by Fed. R. Civ. P. 8(a)(2).  It argues that it is not required to prove its case through pleadings alone as that would defeat the purpose of the liberal discovery available under the federal rules. Contrary to Defendants' arguments, Plaintiff asserts that it has carefully identified the jurisdiction of the Court, the relationship between the parties, the service marks, work marks, and trademarks which it claims have been infringed and/or diluted, the marks utilized by Defendants that infringe and/or dilute Plaintiffs marks known to date, the specific causes of action against them, and how Plaintiff has been or will be damaged. The information which Defendants seek to elicit from

4

a more definite pleading is information that is better suited for discovery, and does not prevent Defendants from preparing a responsive pleading at this juncture.

### III.     Whether Plaintiff's Complaint is so Vague and Ambiguous Defendants Cannot Reasonably Respond.

Rule 12(e) allows a party to move for a more definite statement when the complaint is "so vague and ambiguous that the party cannot reasonably prepare a response."  The Court has reviewed Plaintiff's 17-page complaint under this standard, keeping in mind the defects raised by Defendants and the additional information they contend should be pleaded in the complaint.  Based on its review, the Court does not find the complaint to be so vague and ambiguous that Defendants cannot reasonably prepare an answer or otherwise respond to it.  The defects raised by Defendants and the additional details that they contend should be pleaded in the complaint are not required under the "short and plain" pleading standard of Fed. R. Civ. P. 8(a)(2).

Defendants urge the Court to grant their Rule 12(e) motion for a more definite statement on the grounds that Plaintiff's complaint does not meet the threshold pleading standards set out by the Supreme Court in  *Bell Atlantic Corp. v. Twombly*,[15] and *Ashcroft v. Iqbal*.[16]  The Court notes that the plausibility pleading standard set out by *Twombly* and *Iqbal* was in the context of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather than a Rule 12(e) motion for a more definite statement.  The Court here declines to apply a *Twombly* and *Iqbal*-type analysis to Plaintiff's complaint in ruling on Defendants' motion for more definite statement.

With respect to Defendants' argument that the complaint fails to identify the marks and

---

[15]550 U.S. 544 (2007).

[16]556 U.S. 662 (2009).

works that are the subject matter of Plaintiff's claims, a review of the complaint demonstrates otherwise. Paragraphs 8 and 9 of the complaint identify Plaintiff's stylized design "suede" service mark and "Suede or Suede Group" word marks as the marks at issue. Paragraph 16 identifies "S Group" as the work and/or service mark that Defendants used in connection with their own goods and services, which Plaintiff alleges is substantially similar to its marks. Exhibit A to Plaintiff's complaint also depicts three examples of images on Defendants' website that are similar to images on Plaintiff's website. While the complaint may not identify all the specific copyrighted materials or images that Plaintiff alleges Defendants used without permission, Defendants should be able to obtain this information during discovery. Moreover, this information is not necessary to reasonably prepare an answer or other responsive pleading. Finally, Defendants' criticism that Plaintiff's complaint fails to set out the essential factual allegations to show a violation of the Digital Millennium Copyright Act does not render the complaint so vague or ambiguous that Defendants cannot reasonably prepare a response.

In summary, the Court does not find Plaintiff's complaint to be so vague and ambiguous that Defendants cannot reasonably prepare a response to the seven claims and corresponding allegations set forth in the complaint. While certainly the complaint could have contained additional details that would have made Defendants' task of responding to the complaint easier, Plaintiff is not required under Rule 8(a)(2) to plead that level of detail. The additional details that Defendants seek can be elicited through the discovery process. At this stage of the litigation, Plaintiff's complaint contains sufficient allegations to enable Defendants to frame a responsive pleading.

IT IS THEREFORE ORDERED THAT Defendants' Motion for a More Definite Statement (ECF No. 8) is denied.

Dated in Kansas City, Kansas on this 17th day of January, 2013.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge